

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STACY MICHELLE DRAYTON,

      Petitioner,

v.                              CIVIL ACTION NO. 2:10cv318
                              [ORIGINAL CRIMINAL NO. 2:08cr171]

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on petitioner's, Stacy Michelle Drayton ("Drayton"), motion to vacate, set aside, or correct her sentence pursuant to Title 28, United States Code, Section 2255 ("Motion").[1] The United States responded in opposition to the Motion, and the petitioner did not reply. For the reasons set forth below, the court DENIES petitioner's Motion.[2]

### I. Factual and Procedural Background

On September 15, 2009, Drayton pled guilty to count two of the indictment, pursuant to a plea agreement and stipulation of facts, both of which were filed in open court. Count two charged Drayton

---

[1] Because Drayton is a pro se petitioner, the court liberally construes the instant Motion. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2] The court determined that the Motion, files, and records of the case conclusively show that the petitioner is entitled to no relief. Accordingly, the court did not hold an evidentiary hearing. See 28 U.S.C. § 2255.

with Supplemental Security Income Benefits Fraud, in violation of 42 U.S.C. § 1383(a)(3)(B). The plea agreement stipulated that Drayton "knowingly waive[d] the right to appeal the conviction and any sentence within the statutory maximum . . . (or the manner in which that sentence was determined) . . . on any ground whatsoever." Plea Agreement ¶ 5, ECF No. 20. On November 20, 2009, Drayton's counsel filed Defendant's Position on Sentencing, which did not contain any objections to the Presentence Investigation Report ("PSR"). On December 17, 2009, the court adjudged Drayton guilty of count two, and, in accordance with the plea agreement, counts one, three, and four were dismissed with prejudice. Hearing no objection from either the Government or Drayton, this court sentenced Drayton to twenty-one (21) months of imprisonment that would run consecutive to any state sentence that had been imposed and to three years of supervised release. At the time of sentencing, Drayton was incarcerated in connection with a state sentence for an unrelated crime. The court also entered a Restitution Judgment in the amount of $15,123.60.

On June 24, 2010, petitioner filed the instant Motion. On July 2, 2010, this court entered an Order directing the United States to respond, which it did on September 2, 2010. On October 21, 2010, the court entered an Order advising Drayton of the court's determination of her claim and arguments on her Motion, and permitted Drayton to respond within fourteen days with an amended

motion.³ Drayton did not respond.⁴ The matter is now ripe for review. Drayton asks this court to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255, claiming that this court "failed to follow the proper guidelines procedure." Motion at 12.A.

## II. Discussion

Under 28 U.S.C. § 2255, a prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack."⁵ In challenging her sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence. If she satisfies that burden, the court may vacate, set aside, or correct her sentence. 28 U.S.C.

---

³ Both the court and the United States noted that petitioner's Motion was virtually illegible, and it had been extremely difficult to decipher her claim and arguments.

⁴ Drayton was advised in the Order of October 21, 2010, that she did not need to respond if the court's determination was correct. Accordingly, the court will address the claim and arguments of Drayton's Motion as set forth in the Order of October 21, 2010.

⁵ A sentence is "otherwise subject to collateral attack" where the petitioner shows that her sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

3

§ 2255. However, if the petitioner's motion, when viewed against the record, does not state a claim for relief, then the court should summarily deny the motion. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988).

At the outset, the court notes that claims based on errors in sentencing are, generally, not proper subjects for motions made pursuant to 28 U.S.C. § 2255. As noted by the Fourth Circuit, "[b]arring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Furthermore, "[m]isapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice." Id. at 284 (citations omitted). Accordingly, to the extent Drayton predicates her challenge on the court's application of the Sentencing Guidelines ("Guidelines"), she faces a difficult hurdle to even state a claim for relief under § 2255.[6]

Drayton specifically contests the court's decision to sentence

---

[6] Drayton claims that she did not previously present her objection because of her attorney's lack of understanding and because the PSR failed to explain the proper procedure so that either her or her attorney could object and explain to the court how it should have imposed the sentence. Motion at 13. The court notes that the Motion does not raise ineffective assistance of counsel as a ground for relief. Given the court's decision herein, any ineffective assistance of counsel claim would fail. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (noting that in order to prove ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and the deficient performance prejudiced the petitioner).

4

her to a term of imprisonment that runs consecutive to her state sentence. Drayton argues that the federal offense conduct occurred prior to imposition of the state sentence, and thus the Guidelines do not mandate the consecutive sentence this court imposed. She claims that, pursuant to Guideline § 5G1.3(b), the court should adjust the sentence for time already served on the undischarged term of imprisonment and impose a sentence that runs concurrent to the remainder of that term of imprisonment. Even if these allegations present a cognizable claim for relief under § 2255, her Motion fails because that claim is without merit.

Drayton is correct that the Guidelines did not require the court to impose a consecutive sentence upon her. Subsection (a) of Guidelines § 5G1.3 provides, in pertinent parts, that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." Drayton did not commit the federal offense conduct while she was serving the state sentence, nor did she commit it after she was sentenced in state court prior to commencing service of the state court sentence. Accordingly, subsection (a) is inapplicable to Drayton's case. Furthermore, even if it were applicable, the Fourth Circuit recognized long before <u>United States v. Booker</u>, 543 U.S. 220 (2005) that despite

5

the presence of the word "shall" in subsection (a), "district courts nevertheless retain discretion under 18 U.S.C. § 3584(a) to impose a second sentence concurrent with the unexpired term of an earlier sentence." United States v. Rogers, 897 F.2d 134, 136-137 (4th Cir. 1990).

Drayton's claim fails, however, because she misapprehends the breadth of the court's discretion to impose a consecutive sentence, notwithstanding the inapplicability of subsection (a) of § 5G1.3. Drayton's Motion is predicated on the claim that the Guidelines direct the court to deduct any time already served from her sentence and impose a concurrent sentence. This is incorrect. Subsection (b) of § 5G1.3 provides, in pertinent parts:

> [i]f subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense . . . the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment . . . and the sentence . . . shall be imposed to run concurrently.

There was no dispute in the position papers, nor at the time of sentencing, that Drayton's "state sentence [is] on an *unrelated* conviction." PSR ¶ 89 (emphasis added).[7] Moreover, Drayton does not dispute that fact in the instant Motion. The court need not belabor the point that conduct underlying an indisputably "unrelated conviction" does not constitute "relevant conduct" under

---

[7] At the sentencing hearing, the court specifically noted that the state sentence was a separate matter.

the Guidelines.[8] Further, the unrelated charges and her state sentence did not factor into the calculation of Drayton's offense level.[9] PSR Worksheet A. Accordingly, subsection (b) of § 5G1.3 is inapplicable to Drayton's case, and, therefore, the Motion is without merit.[10]

Drayton apparently overlooked subsection (c) of § 5G1.3. She

---

[8] Subsections (a)(1), (a)(2), and (a)(3) of § 1B1.3 determine what constitutes relevant conduct for the purposes of subsection (b) of § 5G1.3. "The district court first determines the scope of the underlying relevant conduct based on 'all acts and omissions committed, aided [and] abetted . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" United States v. Ramseur, No. 08-49072010, 2010 WL 1917030, at *4 (4th Cir. May 13, 2010) (citing U.S.S.G. § 1B1.3). This step settles the matter because the court declines to stretch relevant conduct beyond its plain meaning such that conduct underlying an indisputably unrelated conviction could constitute "part of the same course of conduct or common scheme or plan as the offense of conviction." Id. The uncontested PSR indicates that the state sentence concerns a forged Department of Corrections Consent to Strip Search Form and Visitor Application; these acts of forgery were completely unrelated to Drayton's Supplemental Security Income Benefits Fraud. PSR ¶ 61; id. Worksheet C.

[9] Rather, her state sentence served to increase her Criminal History Category, PSR Worksheet C ¶¶ 8-9. This is not a pertinent consideration under subsection (b) of § 5G1.3.

[10] The court notes, however, that just as it retains discretion to impose a concurrent sentence despite a contrary Guideline command, see Rogers, 897 F.2d at 136-137, the court is not required to impose a concurrent sentence just because the Guidelines call for one. See, e.g., United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006) (recognizing that a district court has discretion to impose a consecutive sentence even if doing so is "contrary to the applicable federal guideline provision"). Accordingly, even if subsection (b) were applicable, the court did not err in imposing a consecutive sentence. As subsection (b) is inapplicable, though, the court declines to analyze the propriety of a departure it never took.

argues that the court should have applied subsection (b) of § 5G1.3, rather than subsection (a), claiming that the court thereby failed to "accomplish the obvious intentions" of, presumably, the Guideline drafters, Congress, and the Supreme Court in Booker. Motion at 12.A. The Motion does not even discuss subsection (c). This is a significant omission because subsection (c) permits the court to choose a consecutive sentence over a concurrent sentence. Furthermore, when the court imposed a consecutive sentence pursuant to that subsection, it acted in accordance with the Guidelines, statutory law, and Booker.

Subsection (c) of § 5G1.3 provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."[11] The court sentenced Drayton pursuant to this provision because her case involved an undischarged term of imprisonment on a state sentence and it was not governed by the other subsections. Accordingly, the court had broad discretion to choose the type of sentence to impose, subject only to the qualification that the

---

[11] Subsection (c) is called a "Policy Statement," but courts "enforce it like a guideline." United States v. Mosley, 200 F.3d 218, 222 n.5 (4th Cir. 1999).

sentence should achieve a reasonable punishment.[12] The court found that a consecutive sentence would achieve a reasonable punishment, and the court notes that the Motion does not contain any indicia of dispute with that determination.[13] Accordingly, the court acted within its discretion under the Guidelines when it sentenced Drayton to a term of imprisonment to run consecutive to her state sentence, and, therefore, accomplished the intentions of the Guideline drafters.

The court's sentence comports with Congressional intent as well. Congress provided that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18

---

[12] To that end, the Commentary advises the court to consider the following:

> (i) [T]he factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)); (ii) the type . . . and length of the prior undischarged sentence; (iii) the time served on the undischarged sentence and the time likely to be served before release; (iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court . . . and; (v) any other circumstances relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3, cmt. n.3; see also Mosley, 200 F.2d at 223 ("[A] district court is constrained only by its consideration of the factors mentioned in the commentary to § 5G1.3.").

[13] Cf. United States v. York, No. 09-4163, 2010 WL 2059467, at *3 (4th Cir. May 25, 2010) ("Because York neither cited the policy statement in the district court nor argued that the district court should run the instant sentence concurrent to his undischarged state prison term based on the policy statement, we review his procedural sentencing claims for plain error.").

U.S.C. § 3584 (2006). Additionally, there is a statutory presumption that Drayton's sentence would run consecutive to her state sentence. Id. ("Multiple terms of imprisonment imposed at different times run consecutively <u>unless</u> the court orders that the terms are to run concurrently." (emphasis added)). The only statutory limitation on the court's discretion is that "[t]he court, in determining whether the terms are to be ordered to run concurrently or consecutively, shall consider . . . the factors set forth in section 3553(a)." Id. The Motion does not claim any such failure or error by this court, and the court, in fact, did review those statutory factors when sentencing Drayton. Accordingly, the court acted in conformity with Congressional intent when it sentenced Drayton to a term of imprisonment to run consecutive to her state sentence.

Finally, the court's decision to impose a consecutive sentence complies with Booker.[14] As discussed, the court did not apply subsection (a) of § 5G1.3 in order to arrive at Drayton's sentence.

---

[14] As stated by the Fourth Circuit, Booker requires the following:

> [A] district court shall first calculate (after making appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those facts set forth in [18 U.S.C.] § 3553(a) before imposing the sentence. If the court imposes a sentence outside the guideline range, it should explain its reasons for doing so.

United States v. Hughes, 401 F.3d 540, 546-57 (4th Cir. 2005).

Accordingly, there is no basis to allege that the court applied that provision as mandatory in violation of Booker. See United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005) (noting that "the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error"). The merits of the Motion hinge on the erroneous allegation that the court applied subsection (a).

III. Conclusion

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 is **DENIED**.

Petitioner is **ADVISED** that she may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Opinion and Final Order. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to petitioner and the Assistant United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

Norfolk, Virginia
November 9, 2010

11